IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER STAWARZ , IV, ) | |
| ) | |
| Plaintiff ) | Civil Action No. 07-165 |
| ) | |
| vs. ) | Judge Terence F. McVerry/ |
| ) | Magistrate Judge Amy Reynolds Hay |
| RON ROJAS, Esquire and DIRK GOOD- ) | |
| WALD, Esq., ) | |
| ) | |
| Defendants ) | |

REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service, pursuant to the authority granted courts by the Prison Litigation Reform Act (PLRA), for failure to state a claim upon which relief can be granted.

REPORT

Walter Stawarz IV, ("Plaintiff") is currently incarcerated at the Beaver County Jail and is on trial for the murder of a teenager, allegedly committed by Plaintiff, who was himself a juvenile at the time of the murder. Plaintiff is being tried as an adult. Proceeding pro se and as a pauper, Plaintiff seeks to sue his court appointed Public Defenders. He alleges that his Public Defenders have failed to communicate with him, failed to visit him and failed to communicate with Plaintiff's family. He further alleges that the Defendants have refused to contact witnesses that Plaintiff has made them aware of. Plaintiff complains that the Defendants have sought and been granted continuances of his trial without his permission and against his wishes. Plaintiff also complains that the Defendants have refused to share discovery with him. Plaintiff alleges that "Defendants cannot sufficiently represent plaintiff in his criminal trial without the knowledge and

facts they need to know to build their defense for the plaintiff, due to the refusal to speak to him." Complaint at p. 5, ¶10. In addition, Plaintiff states that he has sought to remove the Public Defender Defendants "due to a conflict of interest." Complaint at p. 4.

Plaintiff contends that these alleged actions and inactions on the part of the Defendants have deprived him of his right to due process. Form Complaint at ¶ III. By way of relief, Plaintiff seeks to have this court "grant a motion for withdrawal of counsel and appoint a lawyer not affiliated with Beaver County." Form Complaint at ¶VI. Plaintiff alleges that he had filed a motion with the Beaver County Court of Common Pleas seeking to have the Defendants dismissed from his case and seeking to have a new lawyer appointed but that the motion was denied.

*Applicable Legal Principles*

In the PLRA, Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of oftentimes frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA significantly amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. The amended version of the statute now reads that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Here, Plaintiff has been granted IFP status, and is a prisoner

within the meaning of 28 U.S.C. § 1915.[1]  Thus, Section 1915(e)(2) is applicable herein. Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, but it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e).  See, e.g., Keener v. Pennsylvania Board of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In performing a court's mandated function of sua sponte reviewing complaints under 28 U.S.C. § 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under  Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

In reviewing complaints as mandated by 28 U.S.C. § 1915(e) and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favor-

---

[1] The term "prisoner" as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

able to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976).   Dismissal is proper under Rule 12(b)(6), and hence, under Section 1915(e), where the court determines that the facts alleged, taken as true and viewed in a light most favorable to the plaintiff, fail to state a claim as a matter of law. See, e.g., Gould Electronics, Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

### *Discussion*

Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983, however, because he is apparently seeking to sue his Public Defender lawyers for allegedly violating his federal constitutional right to due process, and he does not have a cause of action directly under the United States Constitution, a liberal reading of the complaint requires the court to construe his complaint as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983.  See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir.  2001)("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983.").

In order to state a claim under 42 U.S.C. § 1983, the complaint must reveal that (1) the challenged conduct was committed by a person acting under color of state law and (2) that the conduct infringed on Plaintiff's federal rights.  See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff's complaints against Ron Rojas and Dirk Goodwald, the Public Defenders of Beaver County, fail to state a claim because the acts or failures to act of Public Defenders in connection with their representing a criminal client are not actions committed under

color of state law as is required to state a claim under Section 1983.  See, e.g., Polk County v. Dodson, 454 U.S. 312, 324 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Felgar v. Hummel, No. Civ. A. 06-1450, 2006 WL 3591918, at *3 (W.D.Pa. Dec. 11, 2006) ("An attorney's failures to act, as well as his affirmative actions in the course of representing a criminal defendant fall within *Polk County*'s ambit of 'performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding' and, thus, are not accomplished 'under color of state law.'").  Hence, the complaint should be dismissed on this ground alone.

Alternatively, Plaintiff's allegations that the Defendants suffer from a conflict of interest and that the Defendants refuse to even meet with Plaintiff in preparing his defense are tantamount to allegations of ineffective assistance of counsel.  See, e.g., Cross v. Pelican Bay State Prison, 142 Fed.Appx. 293, 295 (9th Cir. 2005)("He argues his attorney was ineffective because she met with him only once, failed to undertake any pretrial investigation, and did not object to his shackling. The district court ruled that counsel's conduct may have been deficient . . ."); United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)("[t]he effective performance of counsel requires meaningful compliance with the duty of loyalty and the duty to avoid conflicts of interest, and a breach of these basic duties can lead to ineffective representation.").  Plaintiff's claims against the Defendants, which are tantamount to allegations of ineffectiveness, are barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), which prevents an indirect attack on the validity of a conviction via a civil rights suit unless the conviction, has, in effect, been overturned.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of

state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

If Plaintiff were successful in his claims in the complaint that during the course of Plaintiff's criminal proceedings the Defendants failed to communicate with him at all and/or had a conflict of interest, then these claims would necessarily call Plaintiff's conviction into question. See, e.g., Smith v. Gambrell, 108 Fed.Appx. 218, 218-19 (5th Cir. 2004)("His allegations of ineffective assistance [of trial counsel Gambrell] . . . call into question the validity of his conviction, and Smith therefore must satisfy the conditions of *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994), before he can proceed in a civil rights action."); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam) (concluding that Sixth Amendment claim of ineffective assistance of counsel brought under section 1983 is precluded under Heck); Dickerson v. Rogers, No. C06-5419 FDB, 2006 WL 2714563, *2 (W.D. Wash. Sept. 22, 2006) ("if plaintiffs [sic, should be "plaintiff"] actually suffered due to the ineffectiveness of his attorney's performance during state court proceedings, this § 1983 case would similarly be dismissed pursuant to *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), since the issue of ineffectiveness of counsel necessarily calls into question the fact or duration of plaintiff's conviction and plaintiff ha[s] not alleged that the

6

underlying conviction has been overturned, expunged, or otherwise invalidated").

The Heck bar would apply whether Plaintiff is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996)("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter. Because of these concerns, we hold that a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under § 1983.").[2]

Hence, because Plaintiff's claims necessarily call into question the validity of his conviction or potential conviction, his claims must be dismissed under Heck.

Alternatively, this case is barred by the Rooker-Feldman doctrine. Plaintiff presented to the Beaver County Court of Common Pleas, as he should have, the issue of having the Defendants removed from his case and new counsel appointed. Plaintiff alleges that his motion, seeking the appointment of new counsel, was denied by the Beaver County Court of Common Pleas.

---

[2] The only potential question that arises is whether the rule of Heck is rendered inapplicable by the fact that in Heck, the plaintiff therein sought money damages whereas Plaintiff herein seeks only injunctive relief. The answer is the rule of Heck is not rendered inapplicable. The courts have held that regardless of the relief sought in a Section 1983 suit, if success by the plaintiff would necessarily imply the invalidity of a criminal conviction, Heck bars the suit. See, e.g., Allen v. Campbell, 194 F.3d 1311 (Table), 1999 WL 1000833, at *1 (6th Cir. 1999)("A claim challenging confinement must be dismissed regardless of whether the plaintiff seeks injunctive or monetary relief."); Hall v. Woodall, 181 F.3d 101 (Table), 1999 WL 313886, at *2 (6th Cir. 1999)("*Heck* applies even though Hall sought injunctive relief."); Buckley v. Ortega, 165 F.3d 35 (Table), 1998 WL 808032, at *1 (9th Cir. 1998)("Because a judgment, for monetary relief **or otherwise**, in favor of Buckley would necessarily imply the invalidity of his guilty plea conviction and sentence, and because he has not shown that his conviction and sentence have been previously invalidated, the district court properly granted summary judgment in favor of Ortega and Rachow.")(emphasis added); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)("declaratory or injunctive relief claims . . . which challenge the validity of the claimant's conviction or sentence and seek release– are simply not cognizable under § 1983.").

Dissatisfied with that decision, he now seeks to have this court do what the state Court refused to do, essentially asking this court to reverse the state court decision as if this court were a state appeals court to which Plaintiff can bring this claim. This court is barred from reviewing the state trial court's exercise of discretion in refusing to remove the Public Defender's office as counsel for Plaintiff and appointing new counsel. Plaintiff's proper means to have tested this appointment is to have raised the issue before the state trial court and/or on appeal even via an interlocutory appeal, if necessary. Plaintiff is essentially seeking to have this court review the state trial court's appointment of counsel, something barred by the Rooker-Feldman doctrine.

The "fundamental principle of the *Rooker-Feldman* doctrine [is] that a federal district court may not sit as an appellate court to adjudicate appeals of state court proceedings." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept., 973 F.2d 169, 179 (3d Cir. 1992). The Rooker-Feldman doctrine is addressed to the Federal Court's subject matter jurisdiction. Gentner v. Shulman, 55 F.3d 87, 89 (2 Cir. 1995)("federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature."). In other words, a federal district court has no subject matter jurisdiction if it is called upon to essentially act as an appellate tribunal of a state court. Here, Plaintiff seeks to have this court review the state Court's appointment of counsel (or perhaps more accurately, to review the state Court's denial of his motion to dismiss the Defendants as Plaintiff's attorneys and appoint new counsel) in his pending criminal suit; he would have this court act as an appellate tribunal over that decision. This is not permitted. As the Court of Appeals for the Second Circuit explained:

> [a] trial judge is required to take measures against unethical conduct occurring in connection with any proceeding before him. *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980). It is his duty and responsibility to disqualify counsel for unethical conduct. . . . *Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 271 (2d Cir. 1975). It was not the prerogative of the district court to pass upon the state judges' exercise of that duty in the instant case.

<u>Gentner v. Shulman</u>, 55 F.3d at 89.  The reasoning applies equally here.  Accordingly, the complaint should be dismissed for failing to state a claim upon which this court could grant relief based on the Rooker-Feldman doctrine.

Hence, for any or all of the foregoing reasons the complaint fails to state a claim upon which relief can be granted and should be dismissed.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

*/s/  Amy Reynolds Hay*
United States Magistrate Judge

Dated:    16 May, 2007

cc:    The Honorable Terence F. McVerry
       United States District Judge

       Walter Stawarz, IV
       Beaver County Jail
       6000 Woodlawn Blvd
       Aliquippa, PA 15001